UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT COURT OF ALABAMA

| | |
|---|---|
| THOMAS E. PEREZ,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>        Plaintiff<br><br>    v.<br><br>LAW PARTNERS, LLC; MILTON BRYAN PEOPLES;<br>and LAW PARTNERS, LLC 401(k) SALARY<br>REDUCTION PLAN,<br>        Defendants. | ) CIVIL ACTION NO. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**C O M P L A I N T**
**(Injunctive Relief Sought)**

Plaintiff THOMAS E. PEREZ, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR ("the Secretary") alleges as follows:

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and is brought by the Secretary under section 502(a)(2) and (5) of ERISA, 29 U.S.C. § 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA section 409, 29 U.S.C. § 1109, and to obtain such other further relief as may be appropriate to redress violations and enforce the provisions of that Title.

2. Jurisdiction over this action is conferred upon the Court by section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. Venue lies in the Northern District Court of Alabama pursuant to section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

4.	Law Partners, LLC 401(k) Salary Reduction ("the Plan") is an employee benefit plan within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3), subject to coverage under ERISA pursuant to section 4(a), 29 U.S.C. § 1003(a), and is joined as a party defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to ensure that complete relief may be granted.

5.	Defendant Law Partners, LLC ("the Company"), an Alabama Corporation located in Trussville, Alabama, and Plan Administrator, was all times relevant to this action a "fiduciary" within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and a "party in interest" within the meaning of section 3(14) of ERISA, 29 U.S.C. § 1002(14)(A) and (C).  The Company had the authority and responsibility to make any and all administrative decisions with respect to the Plan, including making decisions regarding the remittance of employee contributions to the Plan.

6.	Defendant Milton Bryan Peoples ("Peoples"), the Company's owner and the Plan Trustee, had the authority and responsibility to make any and all administrative decisions with respect to the Plan, including making decisions regarding the remittance of employee contributions to the Plan. Therefore, he was at all times relevant to this action a "fiduciary" within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and a "party in interest" within the meaning of section 3(14) of ERISA, 29 U.S.C. § 1002(14)(A) and (C).

7.	The Plan was established by the Company in 2003.

8.	The Plan permitted participants to contribute a portion of their pay to the Plan through payroll deductions.

9. In accordance with 29 C.F.R. § 2510.3-102, participant contributions were required to be forwarded to the Plan on the earliest date on which such contributions could reasonably be segregated from the employer's general assets.

10. For payroll periods between January 2007 and December 2010, Defendants withheld employee contributions to the Plan in the amount of $64,725.79 and failed to segregate the contributions from Company assets as soon as they reasonably could do so and never forwarded them to the Plan.

11. During the periods that participant contributions were not remitted to the Plan as required, Defendants caused or allowed the contributions to be commingled with the general assets of the Company.

12. Defendants caused or allowed the commingled funds referred to in the preceding paragraph to be used for Company purposes and obligations rather than for the exclusive benefit of the Plan and the participants.

13. Defendants have failed to take action to restore to the Plan the full amount of the un-remitted contributions plus lost interest that would have accrued but for the actions described in the preceding paragraphs.

14. Defendants failed to monitor, control or attempt to rectify the acts of one another with respect to the Plan.

15. By the actions described in paragraphs 10 through 15, Defendants, are fiduciaries of the Plan,

(a) failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits

to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

(b) failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

(c) failed to discharge their duties with respect to the Plan in accordance with the documents and instruments governing the plan, insofar as such documents and instruments are consistent with ERISA, in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1);

(d) failed to ensure that all assets of the Plan be held in trust by one or more trustees, in violation of ERISA § 403(a), 29 U.S.C. § 1103(a);

(e) failed to ensure that the assets of the Plan did not inure to the benefit of the Company, in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1);

(f) caused the Plan to engage in transactions which they knew or should have known constituted the direct or indirect transfer of Plan assets to, or use of Plan assets by or for the benefit of a party in interest, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

(g) dealt with assets of the Plan in their own interest or for their own account, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

(h)     acted in the transactions described involving the Plan on behalf of a party whose interests were adverse to the interests of the plan or the interests of its participants and beneficiaries in violation of § 406(b)(2) of ERISA, 29 U.S.C. § 1106(b)(2).

16.     Defendants are each liable for the breaches of the other, pursuant to § 405(a) of ERISA, 29 U.S.C. § 1105(a), in that they either (1) participated knowingly in an act of the other fiduciary, knowing such act was a breach, in violation of § 405(a)(1) or ERISA, 29 U.S.C. § 1105(a)(1); (2) failed to monitor or supervise the other fiduciary and thereby enabled the breach, in violation of § 405(a)(2) of ERISA, 29 U.S.C. § 1105(a)(2); or (3) had knowledge of a breach by the other fiduciary and failed to make reasonable efforts under the circumstances to remedy the breach, in violation of § 405(a)(3) of ERISA, 29 U.S.C. § 1105(a)(3).

WHEREFORE, pursuant to § 502(a)(2) and (5) of ERISA, 29 U.S.C. § 1132(a)(2) and (5), Plaintiff prays that the Court:

A.     Order Defendants to restore to the Plan all losses, including interest or lost opportunity costs, which occurred as a result of their breaches of fiduciary obligations.

B.     Order that the Plan set off the individual Plan accounts of any Defendant against the amount of losses, including lost opportunity costs, resulting from their fiduciary breaches, as authorized by § 1502(a) of the Taxpayer Relief Act of 1997, Pub. L. No. 105-34, § 1502(a), 111 Stat. 788, 1058-59 (1997) (codified at 29 U.S.C. § 1056(d)(4)), if the losses are not otherwise restored to the Plan by the Defendants and reallocated to the non-breaching participants;

C.     Permanently enjoin Defendants from serving as fiduciary, administrator, officer, trustee, custodian, agent, employee, representative, or having control over the assets of

any employee benefit plan subject to ERISA and appoint a successor fiduciary to the Plan at the Defendants' cost;

   D. Enjoin Defendants from engaging in any further action in violation of Title I of ERISA;

   E. Award Plaintiff the costs of this action; and

   F. Provide such other relief as may be just and equitable.

            Respectfully submitted,

ADDRESS:

            M. PATRICIA SMITH
            Solicitor of Labor

Office of the Solicitor
U. S. Department of Labor    STANLEY E. KEEN
61 Forsyth Street, S.W.     Regional Solicitor
Room 7T10
Atlanta, GA  30303      ROBERT M. LEWIS, JR.
            Counsel

Telephone:
 (404) 302-5457 (Direct)     By:/s/ Rolesia Butler Dancy
 (404) 302-5438 (FAX)       ROLESIA BUTLER DANCY
            Senior Trial Attorney

Email:
dancy.rolesia@dol.gov
ATL.FEDCOURT@dol.gov    Office of the Solicitor
            U. S. Department of Labor
            Attorneys for Plaintiff.

SOL Case No. 14-00826